# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58111-6-II |
| Respondent, | |
| v. | |
| ROBERT LUCAS WOODWARD, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Robert L. Woodward appeals the trial court's denial of a 2023 motion to compel and motion to arrest judgment. Woodward's briefing to this court argues that the crime victim penalty assessment (CVPA), DNA collection fee, and requirement that he pay community custody supervision fees should be stricken from his judgment and sentence. Woodward also raises additional claims in statements of additional grounds for review (SAG).[1]

We hold that Woodward's arguments in his briefing discussing legal financial obligations (LFOs) and supervision fees are beyond the scope of appeal. Because Woodward fails to provide any argument relating to an alleged error relating to the 2023 motion to compel, we affirm the trial court's denial of the 2023 motion to compel. Also, all but two of the various claims Woodward makes in his SAG fail because they are either unrelated to the decisions from which Woodward appealed or fail to inform the court of the nature and occurrence of the alleged errors. Finally, because the trial court properly denied the motion to arrest judgment as untimely, we reject

---

[1] RAP 10.10.

No. 58111-6-II

Woodward's SAG claim that the trial court erred in denying his motion to arrest judgment. Accordingly, we affirm the trial court's orders denying the 2023 motion to compel and motion to arrest judgment.

## FACTS

### A.    CONVICTION AND APPEAL

In 2012, Woodward was convicted on two counts of first degree child molestation and one count of first degree child rape. Woodward appealed his judgment and sentence. *State v. Woodward*, No. 43576-0-II, slip op. at 1 (Wash Ct. App. Feb. 11, 2014) (unpublished), *review denied*, 180 Wn.2d 1023 (2014).[2] We affirmed Woodward's convictions but vacated his sentence and remanded for resentencing.

On remand, Woodward was resentenced to the high end of the standard range for each count, resulting in a total of 216 months' confinement. The trial court imposed LFOs, including the $500 CVPA and a $100 DNA collection fee. Woodward was also required to pay community custody supervision fees. Woodward's judgment and sentence was entered on September 8, 2014.

### B.    POSTCONVICTION MOTIONS

Woodward filed numerous pro se post-conviction motions over the years since his 2014 resentencing. Relevant here, Woodward filed two motions to compel discovery, a motion to vacate LFOs, and a motion to arrest judgment.

---

[2] https://www.courts.wa.gov/opinions/pdf/D2%2043573-0-II%20%20Unpublished%20Opinion.pdf

### 1. Motions to Compel

Woodward filed his first motion to compel in 2017, seeking an order "directing the prosecution to permit discovery and inspection or copying of" a list of "General Items." Clerk's Papers (CP) at 1457. Woodward also sought a copy of his client file pursuant to RPC 1.16(d). The trial court denied the motion because Woodward's counsel no longer had the materials Woodward sought and may have forwarded it to another attorney. Woodward appealed. *State v. Woodward*, No. 51178-9-II, slip op. at 1 (Wash. Ct. App. June 18, 2019) (unpublished), *review denied*, 194 Wn.2d 1016 (2020).[3] We affirmed the trial court. *Id.* at 6.

Woodward apparently filed another motion to compel discovery in 2023, but that motion is not in the record on appeal. In March 2023, the trial court denied the motion because it was "based on the same arguments that were previously adjudicated and denied" and could not be characterized as a motion for reconsideration, which would have been time barred regardless. CP at 1574.

### 2. Motion to Vacate LFOs

Also in 2023, Woodward filed a CrR 7.8(b)(4) motion seeking vacation of his LFOs. The trial court treated the motion as a "Motion for Order Waiving Interest and Granting Remission or Reduction of Legal Financial Obligations" under GR 39. CP at 1413. The trial court found Woodward indigent pursuant to RCW 10.101.010(3) and waived all non-restitution interest and all non-restitution, discretionary LFOs from Woodward's judgment and sentence.

---

[3] https://www.courts.wa.gov/opinions/pdf/D2%2051178-9-II%20Unpublished%20Opinion.pdf

No. 58111-6-II

Woodward appealed the trial court's order vacating his non-restitution interest and LFOs in a separate appeal. A commissioner of this court converted Woodward's notice of appeal to a notice for discretionary review. Ruling, *State v. Woodward*, No. 57895-6-II (Wash. Ct. App. Apr. 21, 2023). After several intervening motions and a failed attempt to seek review in our supreme court, Woodward failed to file a motion for discretionary review, and this court dismissed Woodward's notice of discretionary review. Ruling, *State v. Woodward*, No. 57895-6-II (Wash. Ct. App. Mar. 28, 2024).

3.      Motion to Arrest Judgment

Again in 2023, Woodward filed a CrR 7.4(a)(2) motion to arrest judgment, arguing that the charging document was deficient because it omitted an essential element of the crimes charged. The trial court denied Woodward's motion as time-barred.

Woodward now appeals the trial court's orders denying his 2023 motion to compel and his motion to arrest judgment. Woodward also filed two SAGs: Proposed Statement of Additional Grounds for Review (Dec. 7, 2023) (SAG 1) and Statement of Additional Grounds for Review (Jan. 25, 2024) (SAG 2).[4]

ANALYSIS

A.      LFO'S AND SUPERVISION FEES

In his briefing to this court, Woodward only argues that this court should strike the CVPA, DNA collection fee, and requirement that he pay community custody supervision fees from his judgment and sentence because they are no longer statutorily authorized and he is indigent.

---

[4] While Woodward's first SAG is labeled "Proposed Statement of Additional Grounds" with no file stamp from our Clerk's Office, we nonetheless review the first SAG pursuant to RAP 1.2(c).

RAP 2.4(a) defines this court's scope of review: "The appellate court will . . . review the decision or parts of the decision designated in the notice of appeal." Here, Woodward's notice of appeal designated the trial court's denial of his motion to compel and motion to arrest judgment as the decisions for this court to review. Neither the motion to compel nor the motion to arrest judgment involve LFOs. Thus, the LFO and supervision fees issues are beyond the scope of review, and we do not address them.[5]

B.      ORDERS ON 2023 MOTION TO COMPEL AND MOTION TO ARREST JUDGMENT

Woodward appealed the trial court's denial of his 2023 motion to compel and motion to arrest judgment. However, Woodward's briefing to this court addresses only LFO and supervision fees issues.

Because Woodward provides no argument to support any alleged error with the trial court's order denying the 2023 motion to compel, we affirm the trial court's order denying the 2023 motion to compel. With regard to the trial court's order denying the motion to arrest judgment, although Woodward's briefing provides no argument to support any alleged error with the trial court's denial of the motion to arrest judgment, Woodward does raise claims relating to the motion to arrest judgment in his SAG. Therefore, this opinion will address the motion to arrest judgment claim to the extent presented in Woodward's SAG.

---

[5] We note that the trial court vacated all non-restitution, nondiscretionary LFOs and all non-restitution interest in 2023, and the record on appeal shows that there are no LFOs owed by Woodward. *See* CP at 1619 (showing a $0.00 balance of January 12, 2024).

B.      SAG

Woodward raised multiple claims in his SAG.  However, all but two of Woodward's claims are either unrelated to the decisions appealed from or fail to "inform the court of the nature and occurrence of alleged errors."  RAP 10.10(c).

RAP 10.10(a) allows criminal defendants to "file a pro se statement of additional grounds for review to identify and discuss those matters *related to the decision under review*."  (Emphasis added.)  While defendants are not required to refence the record or cite legal authorities, we "will not consider a defendant's statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors."  RAP 10.10(c); *see also State v. Bluehorse*, 159 Wn. App. 410, 436, 248 P.3d 537 (2011).  Nor will we craft arguments for the defendant.  *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 138, 267 P.3d 324 (2011).

1.      SAG 1[6]

Woodward's first three claims fail to "inform the court of the nature and occurrence of alleged errors."  RAP 10.10(c).  Those three claims begin with the following language: "Did the trial court create a liberty interest by abuse of discretion, thus violating the appellant's XIV amendment U.S. constitutional rights and Washington constitution, Article 1, § 3, due process rights . . . ."  SAG 1 at 1 (some capitalization omitted).  The claims then reference "time to trail [sic] right," failure to identify the victim's age, and "'precise'" judgment and sentence.  SAG 1 at

---

[6] In SAG 1, Woodward introduces his claims by writing that what "[f]ollows are grounds the appellant will pursue upon production of <u>Brady</u> evidence and 'client file'."  SAG 1 at 1.  This suggests that Woodward's claims in SAG 1 rely on evidence outside the record.  We will not consider claims on direct appeal that rely on evidence outside the record.  *State v. McFarland*, 127 Wn.2d 322, 338, 899 P.2d 1251 (1995).

1 (some capitalization omitted). However, Woodward provides no argument to inform the court of the basis or nature of the alleged errors. Because Woodward's first three grounds, and the issues flowing from them, fail to "inform the court of the nature and occurrence of alleged errors," we do not address them. RAP 10.10(c).

In his fourth ground, Woodward makes a number of claims touching on "appellate counsel," LFOs, and restitution. SAG 1 at 2 (some capitalization omitted). To the extent ground 4 touches on challenges to LFOs, that issue is not "related to the decision under review," and, as addressed above, is beyond the scope of review. RAP 2.4(a); RAP 10.10(a). To the extent ground 4 makes an ineffective assistance of counsel claim, because Woodward provides no argument, the "nature and occurrence of alleged errors" is unclear. RAP 10.10(c). Therefore, we not address this claim.

Woodward's fifth ground[7] claims that the trial court erred by "ruling a CrR 7.4 was governed by CrR 7.8(c)(2)." SAG 1 at 3 (some capitalization omitted). However, the trial court did not deny Woodward's motion to arrest judgment pursuant to CrR 7.8(c)(2);[8] rather, the trial court denied the motion because it was untimely. The trial court did not err in doing so.

---

[7] Woodward asserts six grounds in SAG 1, but the fifth ground is noted as "STRUCK." SAG 1 at 3.

[8] CrR 7.8(c)(2) states:

> The court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that they are entitled to relief or (ii) resolution of the motion will require a factual hearing.

"A motion for arrest of judgment must be served and filed within 10 days after the verdict or decision." CrR 7.4(b). Here, the judgment and sentence was entered in 2014. Woodward did not file his motion to arrest judgment until January 25, 2023, well beyond the 10-day window allowed by CrR 7.4(b). Woodward's claim fails.

2.      SAG 2

Woodward presents six claims in SAG 2. First, he claims he was seized unlawfully by law enforcement in 2011. This claim is unrelated to the post-conviction motions Woodward appealed from. *See* RAP 10.10(a). Therefore, we do not address this claim.

Second, Woodward claims that the charging document was deficient because it failed to include "the common-law essential element identifying any alleged victim as meeting the essential elemen[ts] o[f]" first degree child rape and first degree child molestation. SAG 2 at 2. While this claim addresses an issue in the motion for arrest of judgment, as discussed above, the motion for arrest of judgment was untimely and properly denied.

Third, Woodward claims the trial court violated his right to a speedy trial. To support this claim, Woodward cites to evidence outside of the record on appeal. We do not address claims on direct appeal that rely on evidence outside the record on appeal. *State v. McFarland*, 127 Wn.2d 322, 338, 899 P.2d 1251 (1995). Also, this claim is not related to the decisions from which Woodward appealed. *See* RAP 10.10(a). Therefore, we do not address this claim.

Fourth, Woodward claims the trial court improperly imposed an exceptional sentence at resentencing. Again, this claim is unrelated to the post-conviction motions from which Woodward appealed. *See* RAP 10.10(a). Therefore, we not address this claim.

Fifth, Woodward claims, "The appellant s judgment and sentence clearing [sic] imposes an offender score of '6'." SAG 2 at 5. This claim fails to inform the court of the "nature and occurrence of [the] alleged error[]." RAP 10.10(c). Therefore, we do not address this claim.

Sixth, Woodward claims, "The trial court abused it's [sic] discretion by failing to amend the appellant's judgment and sentence to reflect the retroactive sentencing statute of RCW 9.94A[.]760, which required the court to make individual assessments to pay in light of being found indigent at sentencing." SAG 2 at 6 (some capitalization omitted). As discussed above, the LFO issue is beyond the scope of review.

## CONCLUSION

The issue of whether to strike certain LFOs and supervision fees is beyond the scope of appeal. As Woodward provides no argument regarding the 2023 motion to compel, we affirm the trial court's order denying the 2023 motion to compel. We do not address all but two of Woodward's SAG claims because they are either unrelated to the decisions from which Woodward appealed or do not inform the court of the nature and occurrence of the alleged errors. As for the SAG claims relating to the motion to arrest judgment, those claims fail on the merits. Thus, we also affirm the trial court's order denying the motion to arrest judgment.

No. 58111-6-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, J.

Cruser, C.J.